IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONALD PAUL McNEEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0184 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RONALD PAUL McNEEL wherein he challenges the result of a prison disciplinary proceeding. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for federal habeas corpus relief should be DENIED.

### I.
### STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of the following judgments and sentences out of Tarrant County, Texas:

| | | | |
|---|---|---|---|
| Aggravated sexual assault - child | February 9, 1989 | 35 years | No. 0289297D |
| Burglary of a habitation | September 11, 1987 | 20 years | No. 0289293D |

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary.

II.
DISCIPLINARY PROCEEDING

On April 5, 2006, petitioner was found guilty, in Disciplinary Case No. 20060215270, of the charge of fighting without a weapon at the Dalhart Unit in Hartley County, Texas, and was assessed a punishment which included forfeiture of ten (10) days previously accrued good time credits.[1] Petitioner attests he filed a Step 1 Offender Grievance Form which was denied on April 24, 2006. Petitioner also attests he filed a Step 2 Offender Grievance Form which was denied on July 7, 2006. Petitioner filed the instant federal habeas petition on July 13, 2006.[2]

III.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to Disciplinary Case No. 20060215270 in the following respect:

1. The hearing officer failed to assess the credibility or reliability of the charging officers statement which was based on confidential information from some unknown person;

2. The hearing officer failed to comply with TDCJ-CID's procedural guidelines as set forth in the GR-106 handbook for determining evidence which contradicted the Disciplinary Report; and

3. The hearing officer failed to give a written statement as to why he relied on the charging officer's report for the finding of guilt.

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Specifically, reduction in line-class status does not implicate due process concerns. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995).

[2]*See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

## IV.
## *DE MINIMIS* LOSS

The undersigned finds the instant habeas application should be denied. Petitioner has not shown the challenged forfeiture of ten (10) days accumulated good conduct time was in violation of the United States Constitution. Specifically, the sanction imposed in petitioner's case is of insufficient length to give rise to a due process claim. Accordingly, petitioner is not entitled to federal habeas corpus relief.

There is no constitutional guarantee to assure credit for good conduct while in prison. *See Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Texas law provides that good time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See Tex. Gov't Code Ann.* § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex.Crim.App. 1995). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Because there is no protected liberty interest in parole, a Texas inmate can only establish a basis for federal habeas corpus relief if the good time credit sanction affects his eligibility for early release on mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000).

Petitioner appears to be eligible for mandatory supervision. The Fifth Circuit has recognized, however, that even if a Texas prisoner is eligible for mandatory supervision, he "does not necessarily have a constitutional expectancy of release on a particular date." *Malchi*, 211 F.3d at 958. Accordingly, the Fifth Circuit has acknowledged the possibility "that a de minimis delay of a few days in a prisoner's mandatory supervision release would not give rise to a constitutionally

cognizable claim." *Id.*[3] The Fifth Circuit did not establish a bright line rule for when a delay in release or a loss of good time credits would be de minimis. The Fifth Circuit subsequently suggested, however, that the loss of thirty (30) days good time might be de minimis. *Richards v. Dretke*, 394 F.3d 291, 294 n. 5 (5th Cir. 2004) ("A 30-day delay of mandatory supervision release might be de minimis and therefore not give rise to a due process claim.").

Following this line of reasoning, district courts within the Fifth Circuit have concluded that, depending on the length of an inmate's sentence, a 30-day delay in release on mandatory supervision is de minimis and insufficient to implicate constitutional due process concerns. *See Teague v. Dretke*, 384 F.Supp. 2d 999, 1002-1003 (N.D.Tex. July 26, 2005) (for an inmate serving a 45-year sentence, the loss of 30 days of good conduct time is de minimis because it represents 0.18 % of his total sentence.); *White v. Dretke*, Civil No. H-05-0020 (S.D. Tex. June 28, 2005); *Carroll v. Dretke*, 2005 WL 2467698, *5 (S.D.Tex. Oct.6, 2005) ("the deprivation of thirty days of good-conduct credits from a prisoner serving a thirty-five year sentence seems to fall within the range of a de minimis delay that does not give rise to constitutional concerns" as the loss of good-conduct credits equated to less than one-fourth of one percent of the petitioners' total sentence); *Martin v. Director, TDCJ-CID*, 2006 WL 981988, *3+ (E.D.Tex. Apr 11, 2006) (the loss of 30-days is arguably de minimis). Similarly, district courts have also found that disciplinary sanctions of as little as 1 or 2 days of good time credits pose only a de minimis delay in a prisoner's potential release, and do not give rise to a constitutional claim. *See Cartwright v. Dretke*, 2005 WL 2318703, *2 (N.D.Tex. Sept.20, 2005) (loss of 1 day of good time on an 8-year sentence); *Gallman v. Dretke*, 2005 WL 2493273, *2 (N.D.Tex. Oct.7, 2005) (loss of 2 days of good time on a 40-year

---

[3]The court stated that six (6) months would be more than de minimis. *Id.*

sentence); *Hay v. Dretke*, 2006 WL 696647 (S.D.Tex. Mar 16, 2006) (loss of 1 day of good time on a 5-year sentence).

Here, as petitioner is serving a 35-year prison sentence, the loss of ten (10) days good time credits will pose, if anything, no more than a de minimis delay in his potential early release from prison on mandatory supervision. Finding the possible delay is de minimis under the circumstances, the undersigned concludes the procedural protections found in the Due Process Clause do not apply to the 10-day sanction imposed as the result of the disciplinary conviction at issue in this case. Absent a showing that the Due Process Clause applies, the petition fails to allege a constitutional violation and the petitioner is, therefore, not entitled to federal habeas corpus relief.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RONALD PAUL McNEEL be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).