

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONALD PAUL McNEEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0184 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, and DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a prison disciplinary case. On August 8, 2006, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that the petition for a writ of habeas corpus be denied as the 10-day loss of good time imposed as a result of the disciplinary conviction at issue was de minimis and, thus, did not implicate the procedural due process protections of the United States Constitution. On August 17, 2006, petitioner filed objections to the Report and Recommendation arguing that while the loss of 10 days good time may be de minimis, petitioner's loss of time earning status,[1] which he contends will result in a seventeen (17) month delay of his release to mandatory supervision, is not de minimis. Even if such a delay is more than de minimis, the law in the Fifth Circuit is that the timing of petitioner's

---

[1] Petitioner's time earning status was reduced from S-3 (earning 45 days good time per 30 days served) to L-I (earning 20 days good time per 30 days served). Review or consideration for promotion of petitioner's time earning status is set off for 12 months from the date of the offense.

release is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, a right the Texas legislature has specifically denied creating. *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). As petitioner does not have any liberty interest in any particular time earning status, a delay in consideration for mandatory release due to loss of time-earning status does not support a constitutional claim.

The undersigned United States District Judge has made an independent examination of the record in this case. Petitioner's objections are without merit and are hereby OVERRULED. The Magistrate Judge's Report and Recommendation is hereby ADOPTED. Accordingly, the petition for a writ of habeas corpus filed by petitioner is hereby DENIED.

IT IS SO ORDERED.

ENTERED this 10th day of October 2006.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

2